(109 App. Div. 150.)

BROWN et al. v. RETSOF MIN. CO.

(Supreme Court, Appellate Division, Second Department.  November 17, 1905.)

1. BROKERS—COMMISSIONS—CONTRACTS.

Where plaintiffs were authorized to continue to sell salt for defendant as they had formerly done up to December 31, 1903, and before such date they procured orders to be filled in 1904, which defendant accepted and had the benefit of, plaintiffs were entitled to commissions thereon, regardless of a contract for their services, made in 1899, which by its terms expired in 1900; the employment being thereafter without a formal contract.

2. COSTS—EXTRA ALLOWANCE.

Where, in an action by brokers for commissions, the only question litigated was defendant's liability to pay commissions after the termination of plaintiffs' contract, the court had no power at Trial Term to grant an extra allowance of costs to plaintiffs on a judgment in their favor.

Appeal from Trial Term, Richmond County.

Action by Edward W. Brown and another against the Retsof Mining Company.  From a judgment in favor of plaintiffs, and from an order granting an extra allowance of costs, defendant appeals.  Judgment affirmed.  Order reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Henry B. Twombly (Louis H. Hall, on the brief), for appellant.
John A. Garver, for respondents.

WOODWARD, J.   While it is apparent that the plaintiffs have made the mistake of pleading the history of a transaction leading up to their present cause of action, we are of opinion that the judgment appealed from is not open to the attacks which are made upon this appeal, and that the judgment should be affirmed.   Shorn of the verbiage of the complaint, the cause of action asserted is that the plaintiffs, doing business as Brown & Shaw, sold certain salt to various parties, under an employment with the defendant, for which they were to be paid certain fixed commissions, and the defendant, having accepted the orders procured by the plaintiffs, now refuses to pay the commissions.   This action is brought to recover the amount of these commissions, which are stipulated; the only question litigated being that of liability.   It seems that the plaintiffs and their predecessors had been employed as selling agents of the defendant in several of the middle states for a number of years prior to 1899.   In May of the latter year, the plaintiffs entered into a written agreement with the defendant, under the provisions of which they were to promote its business interests, which appears to have contemplated the selling of the largest possible amount of salt within a prescribed territory at figures and upon terms which should be satisfactory to the defendant.   In 1900 there appears to have been some negotiation for the renewal of the previous contract, and the following letter was written to the plaintiffs and received by them.

"Retsof Mining Company.

"Scranton, Pa., May 21, 1900.

"Brown & Shaw, 11 Broadway, New York City—Gentlemen: In reference to the renewal of your contract with the Retsof Mining Company, which

will expire shortly, and concerning which we have had some conversation, I desire to say that your relations as sales agents of the Retsof Mining Company will continue under the same conditions as outlined in your contract as long as you conduct the business in a manner satisfactory to the Retsof Mining Company. In view of this fact, I do not think it at all necessary that any formal contract for a specified time be entered into."

The relations thus existing continued until the 19th day of December, 1903, when the defendants served a written notice upon the plaintiffs that their relations would come to an end on the 31st day of December of that year. It is not disputed that all commissions which had become due and payable under the terms of the original contract were paid by the defendant up to the time of the formal closing of the relations, and the present action is brought to recover commissions on salt delivered under contracts procured in 1903, but which were not shipped, under the terms of the contracts between customers of the defendant, until the early months of 1904.

It seems entirely clear that, under such a state of facts, the defendant, having the benefit of the contracts procured on a commission basis, is bound to compensate the plaintiffs for their services in procuring such contracts; and we are unable to discover that the statute of frauds, urged by the defendant, but not pleaded, has anything to do with the case. The contract has been performed on the part of the plaintiffs. They procured orders in 1903 to be filled and delivered in 1904, and they were entitled to the commissions upon the delivery of the salt; and the fact that the plaintiffs have pleaded the making of a contract in 1899, which by its terms expired in 1900, does not limit their right to recover in the present instance, where it was shown without question that the defendant had authorized a continuance of the relation up to and including the 31st day of December, 1903, during which time the services were rendered, but not paid for.

The question suggested by the defendant, in view of the facts, appear to us to be without merit, and we reach the conclusion that the judgment should be affirmed. We are, however, of opinion that the court was without power to grant an extra allowance on the facts, and that the order should be reversed.

The judgment appealed from should be affirmed, and the order appealed from should be reversed, without costs. All concur.